IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| RED ROOF INNS, INC., RRI FINANCIAL, INC., and RED ROOF FRANCHISING, LLC, | § § § | |
| Plaintiffs, | § § | CIVIL ACTION NO. _____ |
| v. | § § | JURY TRIAL DEMANDED |
| RED WOOF INN, SANDY'S RED WOOF INN, LLC, SANDY STAGNONE, INDIVIDUALLY AND d/b/a RED WOOF INN, BRYAN MARIAN, INDIVIDUALLY AND d/b/a RED WOOF INN, JOHN DOES 1-5, INDIVIDUALLY AND d/b/a/ RED WOOF INN, | § § § § § § § § § § | |
| Defendants. | § | |

## ORIGINAL COMPLAINT

Plaintiffs, Red Roof Inns, Inc., RRI Financial, Inc., and Red Roof Franchising, LLC, (collectively referred to herein as "Plaintiffs") file this Original Complaint against the above named Defendants and allege as follows:

### I.

### THE PARTIES

1.  Plaintiff Red Roof Inns, Inc. ("Red Roof") is a Delaware corporation with its principal place of business at 605 South Front Street, Columbus, Ohio, 43215.

2.  Plaintiff RRI Financial, Inc. ("RRI") is a Nevada corporation with its principal place of business at 330 E. Warm Springs Road, Las Vegas, Nevada 89119.

3.  Plaintiff Red Roof Franchising LLC ("RRF") is a Delaware Limited Liability Company with its principal place of business at 605 South Front Street, Columbus, Ohio, 43215.

4. On information and belief, Defendant Sandy's Red Woof Inn, LLC is a limited liability company formed under the laws of the State of Texas.

5. On information and belief, Defendants Sandy Stagnone, Bryan Marin, and John Does 1-5 are individual residents of the State of Texas.

6. On information and belief, Defendants Sandy's Red Woof Inn, LLC, Sandy Stagnone, Bryan Marin, and John Does 1-5, individually or together, own and/or operate the business known as Red Woof Inn, with its principal place of business at 471 National Drive, Rockwall, Texas 75032.

## II.

## JURISDICTION AND VENUE

7. This action arises under the trademark laws of the United States, the Lanham Act, 15 U.S.C. § 1051, *et seq.*, and under the statutory and common law of the State of Texas.

8. Federal question jurisdiction is conferred pursuant to 28 U.S.C. §§ 1331 and 1338(a). Subject matter jurisdiction over the claims brought under state statutory and common law is conferred pursuant to 28 U.S.C. §§ 1338(b) and 1367(a).

9. This court has personal jurisdiction over Defendants. Venue in this court is based on 28 U.S.C. §§ 1391(b) and (c).

## III.

## FACTUAL BACKGROUND

### Plaintiff's Operations

10. Plaintiff Red Roof is the primary owner and operator of the famous "Red Roof Inns" chain of hotels in the United States. In providing its hotel services, Red Roof uses a number of valuable "Red Roof" trademarks and service marks including, without limitation, U.S.

Reg. No. 984,159 for "RED ROOF INN"; U.S. Reg. No. 2,224,076 for "RED ROOF INNS"; U.S. Reg. No. 2,225,575 for "RED ROOF INNS/Slanted Roof Design"; and U.S. Reg. No. 2,319,148 for "RED ROOF INN" (hereinafter the "Red Roof Marks"). These registrations are currently in force, and copies of the registration certificates for each mark are attached hereto as Exhibit A.

11. Plaintiff RRI is the legal owner of the Red Roof Marks and licenses those marks to Plaintiff Red Roof through an exclusive license agreement.

12. In addition to the Red Roof Inns owned and operated by Plaintiff Red Roof, Plaintiffs also franchise the Red Roof Inn brand to independent hotel operators. Plaintiff RRF serves as Red Roof's franchising agent for this purpose. Plaintiff RRF has sublicensed Plaintiff Red Roof to extend license rights in the Red Roof Marks to franchisees.

13. One hallmark of Plaintiffs' famous Red Roof Inns chain of hotels in the United States is its pet-friendly atmosphere, unlike many large hotel operations which deny patrons the comfort and companionship of their pets.

**Defendants' Actions**

14. Defendants operate a business known as "Red Woof Inn," which is advertised as "doggie daycare, boarding, and boutique."

15. Despite repeated requests to cease and desist, Defendants continue to infringe Plaintiffs' marks.

16. Defendants' use of reproductions, counterfeits, copies, or colorable imitations of Plaintiffs' registered trademarks and service marks including, without limitation, the Red Roof Marks, causes confusion, mistake, or deception in the minds of the public.

17. Defendants' infringements constitute willful and malicious violations of Plaintiffs' trademark and license rights, aimed at preventing Plaintiffs from continuing to build a business around the Red Roof Marks that they have long possessed and used.

## Count I – Trademark Infringement

18. Plaintiffs incorporate as if fully rewritten herein the statements and allegations contained in the preceding paragraphs.

19. By their actions described above, Defendants have used in commerce, without Plaintiffs' consent, reproductions, counterfeits, copies, or colorable imitations of Plaintiffs' registered trademarks and service marks including, without limitation, the Red Roof Marks, in connection with the sale, offer for sale, distribution, and/or advertising of services, such use being likely to cause confusion, to cause mistake, or to deceive.

20. Upon information and belief, the foregoing conduct of Defendants has been willful and with knowledge of the unauthorized nature of the services they are offering.

21. The actions of Defendants described in this Count constitute trademark and service mark infringement in violation of 15 U.S.C. § 1114. Defendants' actions have caused, and unless enjoined by this Court, will continue to cause serious and irreparable injury to Plaintiffs for which Plaintiffs have no adequate remedy at law.

22. The acts of Defendants described in this Count have also caused damage to Plaintiffs for which Plaintiffs should be compensated by Defendants.

## Count II – False Designation of Origin Under The Lanham Act

23. Plaintiffs incorporate as if fully rewritten herein the statements and allegations contained in the preceding paragraphs.

24. This count arises under § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), as amended.

25. Defendants' use of reproductions, counterfeits, copies, or colorable imitations of Plaintiffs' registered trademarks and service marks, including, without limitation, the Red Roof Marks, causes confusion, mistake, and deception among the public and others as more fully described above.

26. The public and others are likely to believe Defendants' services are provided by, sponsored by, approved by, licensed by, affiliated with, or in some other way legitimately connected with Plaintiffs, which has caused, and will continue to cause, damage and irreparable harm to Plaintiffs.

27. Upon information and belief, Defendants' acts are willful.

28. Defendants will continue to infringe the Red Roof Marks absent an injunction.

29. There is no adequate remedy at law such that an injunction protecting Plaintiffs' rights is proper.

## Count III – Trademark Dilution Under 15 U.S.C. § 1125(c)

30. Plaintiffs incorporate as if fully rewritten herein the statements and allegations contained in the preceding paragraphs.

31. The Red Roof Marks have become famous and distinctive in the United States through Plaintiffs' continuous and exclusive of the Red Roof Marks in connection with their products and services.

32. Because the Plaintiffs' products and services have gained a reputation for superior quality, the Red Roof Marks have gained substantial renown and are famous.

33. Defendants have willfully and intentionally misappropriated, and continue to misappropriate, the Red Roof Marks in connection with the advertisement, promotion, and sale of Defendants' products and services.

34. Defendants' misappropriation of the Red Roof Marks has caused and continues to cause irreparable injury to and dilution of the Red Roof Mark's distinctive quality in violation of Plaintiffs' rights under 15 U.S.C. § 1225(c).

35. Defendants' misappropriation of the Red Roof Marks actually dilutes, blurs, tarnishes, and whittles away the distinctiveness of the Red Roof Marks.

36. Defendants have misappropriated, and continue to misappropriate, the Red Roof Marks willfully and with the intent to dilute the Red Roof Marks, and with the intent to trade on the reputation and goodwill associated with the Red Roof Marks.

37. As a direct and proximate result of Defendants' conduct, Plaintiffs have suffered irreparable harm to the valuable Red Roof Marks.

38. Unless the Defendants are enjoined, the valuable Red Roof Marks will continue to be irreparably harmed and diluted. Plaintiffs have no remedy at law that will compensate for the continued and irreparable harm suffered if Defendants' actions are allowed to continue.

39. Defendants have misappropriated and continue to misappropriate the Red Roof Marks willfully and with the intent to dilute the Red Roof Marks, and with the intent to trade on the reputation and goodwill of Plaintiffs and the Red Roof Marks. Accordingly, this is an exceptional case with the meaning of 15 U.S.C. § 1225(a).

40. As a direct and proximate result of Defendants' conduct, Plaintiffs have suffered damages to the valuable Red Roof Marks, and other damages in the amount to be determined at trial.

## Count IV – Unfair Competition Under 15 U.S.C. § 1125(a)

41. Plaintiffs incorporate as if fully rewritten herein the statements and allegations contained in the preceding paragraphs.

42. By the actions described above, Defendants have, without Plaintiffs' consent, used in commerce a word, term, name, symbol, device, or any combination thereof, including, without limitation, the Red Roof Marks, which are likely to cause confusion, to cause mistake, or to deceive as to the affiliation, connection and/or association of Defendants with Plaintiffs, and/or as to the origin, sponsorship, and/or approval of Defendants' services by Plaintiffs.

43. Upon information and belief, the foregoing conduct of Defendants has been willful and with knowledge of the unauthorized nature of the services it is offering.

44. The action of Defendants described in this Count constitutes unfair competition in violation of 15 U.S.C. § 1125(a). Defendants' acts have caused and, unless enjoined by this Court, will continue to cause, serious and irreparable injury to Plaintiffs for which Plaintiffs have no adequate remedy at law.

45. The acts of Defendants described in this Count have also caused damage to Plaintiffs for which Plaintiffs should be compensated by Defendants.

## Count V – Deceptive Trade Practices Under Texas Statutory and Common Law

46. Plaintiffs incorporate as if fully rewritten herein the statements and allegations contained in the preceding paragraphs.

47. Defendants' conduct as more fully described herein constitutes deceptive trade practices within the meaning of TEX. BUS. & COM. CODE §17.41, *et seq*.

48. Plaintiffs are entitled to preliminary and permanent injunctive relief ordering Defendant to cease this deceptive trade practice, as well as money damages, together with attorneys fees pursuant to TEX. BUS. & COM. CODE §§17.50.

## Count VI – Injury to Business Reputation

49. Plaintiffs incorporate as if fully rewritten herein the statements and allegations contained in the preceding paragraphs.

50. Defendants' use of reproductions, counterfeits, copies, or colorable imitations of Plaintiffs' registered trademarks and service marks, including, without limitation, the Red Roof Marks, injures and creates a likelihood of injury to Plaintiffs' business reputation because persons encountering Defendants and their products and services will believe that Defendants are affiliated with, related to, or have the approval of Plaintiffs, and any adverse reaction by the public to Defendants and the quality of their products and the nature of their business will injure the business reputation of Plaintiffs and the goodwill that Plaintiffs have created and enjoy in connection with the Red Roof Marks.

## Count VII – Injunctive Relief

51. Plaintiffs incorporate as if fully rewritten herein the statements and allegations contained in the preceding paragraphs.

52. Plaintiffs are entitled to preliminary and permanent injunctive relief enjoining Defendants from infringing upon the Red Roof Marks.

53. Plaintiffs are likely to succeed on the merits of all of their underlying claims because, as explained above, Defendants knowingly and maliciously cause confusion, mistake, and deception among consumers by infringing Plaintiffs' Red Roof Marks.

54. If Defendants are not enjoined, Plaintiffs will continue to suffer irreparable harm, including but not limited to loss of business, competitive advantage, and goodwill, for which there is no adequate remedy at law.

55. The potential injury to the Defendants is minimal and does not outweigh the potential injuries to Plaintiffs if Defendants are not enjoined.

## IV.
## JURY DEMAND

56. Plaintiffs hereby request a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

## V.
## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiffs respectfully request that the Court find in favor of Plaintiffs, and against Defendants, and grant Plaintiffs the following relief:

a. That Defendants be found to have infringed Plaintiffs' rights in the Red Roof Marks, and that Defendants be found liable on each of the causes of action enumerated in this Complaint.

b. That Defendants and their agents, officers, employees, representatives, successors, assigns, attorneys, and all other persons acting for, with, by, through or under authority from Defendants, and each of them, be preliminarily and permanently enjoined from infringing Plaintiffs' marks, diluting the distinctiveness of Plaintiffs' marks, and from unfairly competing with Plaintiffs in any other manner.

c. That Defendants be required to deliver up and/or to destroy any and all insignias bearing the Red Roof Marks and/or any mark confusingly similar thereto, in its

possession as well as all labels, literature, signage and advertisements bearing the marks, together with any means for producing same.

d.      That Defendants be compelled to account to Plaintiffs for any and all profits derived from their illegal acts complained of herein;

e.      That the Court declare this to be an exceptional case and award Plaintiffs their full costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1117(a).

f.      That the Court grant Plaintiffs any other remedy to which they are entitled as provided under Federal or State law; and

g.      For such other relief that the Court deems proper and just.


**Dated: October 23, 2008.**                    Respectfully submitted,


/s/ Edward R. Nelson, III
Edward R. Nelson, III
State Bar No. 00797142
enelson@nbclaw.net
Steven W. Hartsell
State Bar No. 24040199
shartsell@nbclaw.net
Nelson Bumgardner Casto, P.C.
5601 Bridge Street, Suite 300
Ft. Worth, Texas  76112
Telephone:  817.377.3489
Facsimile:   817.377.3485


Of Counsel:

Jeffrey S. Standley,  (PHV pending)
(Ohio Bar Registration No. 0047248)
JStandley@StandleyLLP.com
F. Michael Speed, Jr. (PHV pending)
(Ohio Bar Registration No. 0067541)
MSpeed@StandleyLLP.com

Standley Law Group LLP
495 Metro Place South, Suite 210
Dublin, Ohio 43017
Telephone:  614.792.5555
Facsimile:   614.792.5536

**ATTORNEYS FOR PLAINTIFFS**